UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 17-327 (JRT) |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE AND REDUCTION IN SENTENCE** |
| JAMES CALVIN PENGLASE, | |
| Defendant. | |

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101; Craig R. Baune, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Douglas Olson, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

Defendant James Calvin Penglase is serving a 120-month sentence after pleading guilty to the crime of possession of child pornography. Penglase asks the Court to grant him compassionate release due to his age and numerous medical conditions, which require medical treatment and put Penglase at risk for COVID-19 complications. Because Penglase's serious health conditions constitute an "extraordinary and compelling" reason for early release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court will grant his motion, terminate his remaining term of imprisonment, and begin Penglase's ten-year term of supervised release.

**BACKGROUND**

On February 5, 2018, Defendant James Calvin Penglase pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). (Plea Agreement, Feb. 5, 2018, Docket No. 12.)  The Court sentenced him to a 120-month term of imprisonment with the Federal Bureau of Prisons ("BOP"), followed by ten years of supervised release.  (Sentencing J. at 2–3, June 16, 2018, Docket No. 30.)  The Court recommended placement at FMC Rochester or a similar facility because of Penglase's medical issues.  (*Id.* at 2.)

Penglase is now 75 years old and is serving his sentence at FCI Ashland.  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 28, 2023).  His projected release date, with good time credit, is December 17, 2026. *Id.*

During his time in custody, Penglase's medical conditions have worsened. (Mem. Supp. Mot. Comp. Release, Ex. F-1, Nov. 7, 2022, Docket No. 46.) He previously contracted coronavirus, and continues to suffer from serious medical conditions, including type 2 diabetes, high blood pressure, osteoarthritis, an abdominal hernia, and an enlarged prostate, among other serious conditions. (*Id.* at 15, 17.)  When Penglase first arrived in BOP custody, he was able to work as an orderly.  (Mem. Supp. Mot. Comp. Release, Ex. B-7, Nov. 7, 2022, Docket No. 46.)  Over the past several years, however, his age and medical health have rendered him unable to continue working. (*Id.*) Penglase's abdominal hernia requires a hernia belt, compression device, stool softeners, and regular fecal tests for

blood in the stool. (Ex. F at 8–10, 15.) His enlarged prostate causes lower urinary tract symptoms and an elevated Prostate-Specific Antigen ("PSA") requiring specialty care by an urologist. (Ex. F at 15, 142.) His advanced age and poor health heighten his vulnerability to severe infection and require further care by other specialists. (*See, e.g.,* Ex. F. at 4, 16, 33.)

Penglase filed a request with the BOP for compassionate release based on his underlying medical conditions on September 23, 2021. (Mem. Supp. Mot. Comp. Release, Ex. E-1, Nov. 7, 2022, Docket No. 46.) That request was denied on October 14, 2022. (*Id.*, Ex. E-2.) Penglase then filed this Motion for Compassionate Release with the Court on December 6, 2021. (Mot. Comp. Release, Dec. 6, 2021, Docket No. 35.) Penglase argues that his age, medical conditions, and rehabilitation warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and that the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of his early release. (Def.'s 2nd Mem. Supp. Mot. Reduce Sentence, Nov. 7, 2022, Docket No. 45.) The United States opposes Penglase's Motion, arguing that the § 3553(a) sentencing factors do not weigh in favor of Penglase's release because he remains a danger to the community. (Gov't's Resp. Opp. Def.'s Mot. Comp. Release at 1, Nov. 14, 2022, Docket No. 47.)

## DISCUSSION

### I. STANDARD OF REVIEW

The First Step Act, passed in December 2018, amended the procedure for

compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)). The Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move for compassionate release after fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

**II.    ANALYSIS**

First, both parties agree that Penglase has exhausted his administrative remedies. (*See* Def.'s Mem. Supp. Mot. Reduce Sentence at 15; Gov't's Resp. Opp. Def.'s Mot. Comp. Release at 5.) His Motion is therefore ripe for adjudication. Further, the United States agrees that Penglase's medical conditions, in combination his age, constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i). (*See* Gov't's Resp. Opp. Def.'s Mot. Comp. Release at 10–11.)

The record indicates that Penglase suffers from numerous ailments, and those medical conditions have worsened over the four years that he has been incarcerated. At sentencing, the Court recognized Penglase's poor health and recommended that he be committed to a federal medical facility in order to provide him with needed medical

treatment. (Sentencing J. at 2.) Instead, Penglase is housed at a federal correctional institution in Ashland, Kentucky and unable to get the kind of specialized care required of his serious health conditions. (Compassionate Release Investigation ("CRI") at 1, Oct. 11, 2022, Docket No. 40.) The Sentencing Guidelines indicate that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Penglase's need for specialized medical attention and the lack of such care in his current environment demonstrate that he is unable to provide self-care for his numerous serious medical conditions within the correctional facility.

Penglase's medical conditions are exacerbated within the context of the COVID-19 pandemic. When considering compassionate release motions in the context of the COVID-19 pandemic, courts require an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at [their] prison facility." *United States v. Miland*, No. 16–0159, 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting *United States v. Feiling*, No. 3:19–112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); *United States v. Shamilov*, No. 19-238, 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Penglase has contracted COVID-19 once already, and his advanced age and poor health heighten his vulnerability to contracting coronavirus in the

future, as conditions like hypertension and type 2 diabetes are associated with heightened COVID-19 complications.[1]  While the BOP is taking many steps to protect inmates from COVID-19, Penglase's medical history constitutes an extraordinary and compelling circumstance that warrants a prison sentence reduction.

Further, the 18 U.S.C. § 3553(a) sentencing factors support modifying Penglase's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors).  When considering a motion for compassionate release, the Court considers, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553(a).

The nature and circumstances of the offense do show that Penglase's offense of conviction is serious.  Penglase pleaded guilty to possession of child pornography.  Though it was not a crime of violence, the crime did involve minor victims.  Additionally, there is no dispute that the evidence against Penglase was strong, and he pled guilty to the offense.  But the Court also notes that Penglase promptly admitted his conduct and accepted responsibility.  (Plea Agreement at 5.)

---

[1] *People With Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 28, 2023) (explaining that diabetes and chronic lung diseases can make an individual more likely to become severely ill from COVID-19); *COVID-19 Risks and Vaccine Information for Older Adults*, CDC, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited Sept. 22, 2021) (explaining that older adults are at an increased risk of a severe COVID-19 illness).

Though Penglase's offense was serious, the other sentencing factors weigh in favor of his early release. Penglase's criminal history score, which the Court relied upon in issuing his sentence, includes convictions that are more than 25 years old. (PSR at 7, Apr. 12, 2018, Docket No. 18.) His current imprisonment is the result of his first infraction in nearly two and a half decades. While in prison, Penglase has received no disciplinary offenses, and in fact received credit for good behavior. (CRI at 1.) Penglase has also participated in educational courses and worked as a night orderly while incarcerated up until his medical conditions prevented his continuing employment. (Exs. B-3, B-7.) Moreover, he has served more than half of his sentence, so there is little risk of unwarranted sentencing disparities. Any disparity will also be mitigated by the ten-year period of supervised release, which is double the mandatory minimum of five years supervised release for this crime. *See* 18 U.S.C. § 3583(k).

The Court also finds Penglase does not present a danger to any person or the community. The BOP found that he is a low security risk and has a low risk of recidivism. (Mem. Supp. Mot. Comp. Release, Exs. A-2, B-4.) Empirical data also supports that Penglase does not pose a serious risk to public safety, as those guilty of non-production child pornography offenses have, in some cases, among the lowest recidivism rates of general offenders.[2] The risk of recidivism is also low considering Penglase's age, poor

---

[2] *See* U.S. Sentencing Commission, Report to the Congress: Federal Child Pornography Offenses 318–19 (Dec. 2012), *available at* 2012 Report to the Congress: Federal Child Pornography Offenses | United States Sentencing Commission (ussc.gov) (last visited Feb. 28,

health, and release plan. The Florence V. Burden Foundation, *The High Costs of Low Risk: The Crisis of America's Aging Prison Population*, (July 2014), *available at* https://www.osborneny.org/assets/files/Osborne_HighCostsofLowRisk.pdf (last visited Feb. 28, 2023 (showing the decline of arrest rates in aging adults.) Probation has already approved a release plan to a residential reentry center for supervised release, and the conditions of Penglase's supervised release, including restrictions on his internet access and monitoring, will minimize the risk he will recidivate. (CRI at 2; Sentencing J. at 5.) The Court concludes Penglase presents a low risk of danger to the community.

Penglase's early release also aligns with precedent. This Court recently granted compassionate release for an elderly defendant who had been sentenced to 120 months' imprisonment for possessing and distributing child pornography, after considering his serious health problems similar to Penglase, and that he had already served 63% of his sentence. *United States v. Needham*, No. 13-111, 2021 WL 2228390, at *3 (D. Minn. June 2, 2021).³ Courts that have denied similar motions have largely done so because the

---

2023) (comparing general recidivism with sexual recidivism and finding that while the rate of known general recidivism was 30 percent, the rate of known sexual recidivism was a little over 7 percent).

³ *See also United States v. Mowry*, No. 18-15, 2021 WL 265245, at *2–7 (D. Me. Jan. 26, 2021) (granting compassionate release for a 69-year old defendant suffering from multiple conditions including type 2 diabetes, hypertension, and obesity who had been convicted of possession of child pornography and sentenced to 120 months' imprisonment with 120 months of supervised release, having served approximately 30% of his sentence); *United States v Feucht*, 462 F. Supp. 3d 1339, 1340 (S.D. Fla. 2020) (granting compassionate release for a 63-year-old defendant suffering from type 2 diabetes and hypertension, among other health problems, after

defendants failed to present sufficient evidence of extraordinary and compelling circumstances. Because Penglase has shown extraordinary and compelling circumstances here, the Court finds that granting Penglase's Motion is in line with decisions of other courts.

The progress Penglase has made during his incarceration, coupled with the requirements set forth for his supervised release, warrant the readjustment of his sentence and will support his transition out of custody. The Court will therefore modify his sentence to eliminate the remainder of his term of imprisonment and to begin Penglase's ten-year term of supervised release within 30 days, when a bed is available for him at a Volunteers of America Residential Reentry Center. Further, the Court will note that any violation of the conditions of Penglase's supervised release will be grounds for revocation of supervised release and return to prison.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Penglase's sentence, that the § 3553(a) factors support a reduction, and that the reduction is consistent with applicable policy statements. The Court also finds that granting Penglase's Motion is consistent with other courts' decisions

---

being convicted of distributing child pornography and serving part of his sentence); *United States v Riccardi*, No. 02-20060, 2020 WL 4260636, at *2 (D. Kan. July 24, 2020) (granting compassionate release for a 60-year-old defendant who suffered from diabetes and high blood pressure who was convicted of enticing a minor to engage in a prohibited sex act).

in similar cases. Therefore, the Court will grant Penglase's Motion for Compassionate Release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A) [Docket No. 35] is **GRANTED**;

2. Defendant's sentence of imprisonment is reduced to time served, and the BOP shall release Defendant within 30 days of the date of this Order for placement with a Volunteers of America Residential Reentry Center in Minnesota;

3. Upon release, Defendant shall reside for a period of up to 180 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility;

4. Defendant's supervised release term shall begin upon his release;

5. Defendant's conditions of supervised release, described in the Sentencing Judgment [Docket No. 30], shall remain unchanged.

DATED: March 20, 2023
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge